IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-267-1H
NO. 5:12-CV-99-H

| | | |
|---|---|---|
| PHILLIP ANTHONY ISLES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate his conviction based upon the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The government filed a motion to dismiss, and petitioner responded. On July 13, 2012, this court entered an order finding that petitioner cannot bear his burden of demonstrating actual innocence on all charges, and directing the government to file a supplemental memorandum addressing any remaining issues

surrounding petitioner's status as an armed career criminal and Simmons' effect, if any, on that status. (See Order of July 13, 2012 at 4 [DE #42].) The government responded, arguing that Simmons has no effect on petitioner's status as an armed career criminal and that his motion is untimely.

On September 17, 2009, petitioner was named in a three-count indictment and charged with (1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count One); (2) knowingly possessing a quantity of crack cocaine in violation of 21 U.S.C. § 841 (Count Two); and (3) possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Three). On January 8, 2010, petitioner pled guilty to Count One pursuant to a plea agreement in which the parties agreed that counts two and three would be dismissed at sentencing. On July 13, 2010, this court sentenced petitioner to 120 months' imprisonment on count one. Pursuant to the plea agreement, the remaining two counts were dismissed. Petitioner did not notice an appeal. Therefore, judgment became final on "the date upon which [petitioner] declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Petitioner then filed the instant motion to vacate on February 29, 2012, more than one year after his judgment became final.

2

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255(f) provides that:

> A one-year limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f)(1)-(4).

Because petitioner filed his § 2255 motion more than one year after his judgment became final, his motion is untimely under 28 U.S.C. §2255(f)(1). On August 20, 2012, the Fourth Circuit held that the rule announced in Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), upon which the Simmons court

3

relied, is procedural and not retroactively applicable to cases on collateral review. United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012). Because Carachuri-Rosendo is not retroactively applicable to cases on collateral review, petitioner's motion cannot be deemed timely under (f)(3). Neither can petitioner's motion be deemed timely under § 2255(f)(4) which provides that the one-year limitation period begins to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence." Although under Johnson v. United States, 544 U.S. 295, 308-09 (2005), "facts" may include court rulings and the legal consequences of known facts, the court ruling must have occurred in petitioner's own case. Court rulings, such as Carachuri and Simmons, which clarify legal standards as opposed to facts affecting the petitioner's own case, do not serve as "facts" triggering the provisions under § 2255(f)(4). Dailey v United States, No. 7:06-CR-36-BO, 2012 WL 5471156 (E.D.N.C. Nov. 9, 2012).

Additionally, petitioner requests that the court equitably toll the statute of limitations. The statute of limitations period for section 2255 motions is subject to equitable tolling. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000). An otherwise time-barred petitioner is entitled to equitable

4

tolling in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). In order for equitable tolling to apply, petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented him from timely filing. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Here, the court has previously reviewed his claim of actual innocence and found him to be unable to bear the burden of showing actual innocence. Finding no other extraordinary circumstances justifying petitioner's belated filing, the court declines to equitably toll the statute of limitations in this matter. Therefore, petitioner's motion must be dismissed as untimely.

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate is DISMISSED. Finding no substantial issue for appeal concerning

5

the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

This 15th day of January 2013.

*/s/ Malcolm J. Howard*
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26